HANLON, JUDGE:
Claimants were travelling in a northerly direction on W.Va. Route 10, Wyoming County, approximately five miles from Oceana. Claimant Leona Kay Cline was operating claimants' 1980 AMC, and her husband, Randy Cline, was a passenger in the vehicle.
Claimants' vehicle left the right hand or travel lane of the highway, skidded, slid around, and struck a 1974 Oldsmobile 442 which was proceeding south on W.Va. Route 10. Following the impact with the automobile travelling in the opposite direction, claimants' vehicle proceeded over an embankment. Claimants allege negligence on the part of respondent for its failure to *162 maintain this section of roadway. Claimants contend that respondent's employees had left dirt in the road while maintaining the ditch line. Claimants view the alleged dirt or debris on the roadway as a hazard and seek compensation of $25,000.00 for the loss of their automobile and for permanent disabling injuries to claimant Leona Cline.
Respondent asserts that ditching operations were performed by respondent three days prior to this accident, on June 24, 1986, by means of accepted engineering practice, and that material was not left on the highway by its ditching crew.
Claimant Leona Kay Cline was travelling at a speed of approximately 35-45 miles per hour. She had successfully completed her driving test at Jesse, and was returning home. The roadway was damp as it had been raining. Both claimants admitted that they had no personal knowledge as to how the alleged material came to be on the roadway surface as they had not observed respondent's men working at the scene. The claimants' vehicle was a total loss, and they gave it to another party. Therefore, claimants did not receive any salvage value for the vehicle.
Ezra Watson Keyser testified that he was the driver of the other automobile involved in this accident. He was travelling alone from his home in Lincoln County to Princeton. He estimated that the accident occurred between 2:00 and 3:00 in the afternoon. He stated that he did not observe any dirt on his side of the roadway. He mentioned that photographic evidence revealed debris on his automobile. He was unable to discern whether it was debris from the roadway or debris from his automobile.
Respondent's employees provided details concerning the area of the accident. At the time of this accident, the average daily traffic count was 5,100. The Uniform Traffic Accident reports and operators' reports were reviewed, and it was determined that the Cline accident was the only one within the two-mile stretch checked during June 24, 1986, on Route 10 at the accident site. The individual who operated the 40137, or back grader, confirmed the existence of the ditching operations and remembered that a broom had been utilized. The Supervisor for Wyoming County did not receive any complaints concerning the ditching operation. Testimony revealed that it is impossible to determine the points where crews start and finish maintenance operations from the pertinent records regarding ditching operations by respondent.
To make a determination of respondent's negligence would require speculation on the part of the Court. This Court has consistently held that the State is neither an insurer nor a guarantor of the safety of persons travelling its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). There was no evidence presented that respondent was negligent in its maintenance of this roadway. In order to find respondent liable, the Court would be required to speculate, which it will not do. The Court, therefore, is of the opinion to and does deny the claim.
Claim disallowed.